Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 4994 | **DATE** | 4/15/2008 |
| **CASE TITLE** | Oscar Garcia, et al vs. R. J. B. Properties, Inc. | | |

**DOCKET ENTRY TEXT**

Status hearing held on 4/15/2008. Ruling on summary judgment motion held. Plaintiffs' motion (53) is granted. The court understands that the number of hours worked will be stipulated, and that the only remaining issues are whether the three-year statute applies and the appropriate attorneys' fees award. The matter is referred to Magistrate Judge Schenkier for settlement conference. Status hearing set for 5/28/2008 at 9:00 AM.

■[ For further details see text below.]

Notices mailed by Judicial staff.

00:09

## STATEMENT

Plaintiffs in this action under the Fair Labor Standards Act work as janitors at several suburban high schools. In their complaint, filed on September 14, 2006, they made three claims: that Defendant failed in some instances to pay overtime compensation for hours in excess of forty (40) per week (Count I); that Defendant failed to include an hourly health benefit allowance as part of their base pay, for purposes of calculating the proper overtime rate (Count II); that Defendant failed to combine hours worked at multiple work sites in calculating the weeks in which overtime compensation was owed (Count (III). After discovery, Plaintiffs voluntarily withdrew Counts I and III and now move for summary judgment on Count II. For the reasons set forth there, that motion is granted.

The Fair Labor Standards Act, 28 U.S.C. § 207(a)(1), requires employers to pay employees overtime in the amount of "one and one-half times the regular rate" of their pay. The "regular rate" is defined by statute to include "all reumuneartion for employment paid to, or on behalf of, an employee," unless specifically excluded. The hourly rate is the rate "actually paid the employee" for his normal work hours. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945). The Act does specifically exclude payments made by the employer for health insurance, 29 U.S.C. § 207(e)(4), but only when the payments are made to a third party. In this case, the health insurance allowance is paid directly to the employees. Such payments must be included in the regular rate of pay for purposes of calculating overtime compensation. As one district court has observed, "[t]he law is clear on this point: the health and welfare wage paid by [the employer] directly to its employees, absent some other exception, must be included in the regular rate for overtime calculations under the FLSA." *Barnes v. Akal Security, Inc.*, No. 04-1350 WEB, 2005 WL 1459112, *2 (D. Kan. June 20, 2005), citing *Local 246 Utlil. Workers Union v. Southern Cal. Edison Co.*, 83 F.3d 292, 296 (9th Cir. 1996).

Plaintiffs in this case were paid a per-hour cash allowance for "health and wellness." (Joint Statement of Stipulated Facts and Issues, ¶ 3.) Defendant may have expected that the money would be used to purchase health insurance benefits, but Plaintiffs were in fact free to spend the money in any way they desired. (*Id. ¶*

06C4994 Oscar Garcia, et al vs. R. J. B. Properties, Inc.

Page 1 of 2

## STATEMENT

8.) No authority supports the notion that such payments may be excluded from base pay for purposes of overtime compensation. Indeed, Defendant's only argument in response to this motion is that certain individual Plaintiffs did not in fact work overtime hours – a question of fact that is not before the court on this motion.

Plaintiffs' motion (53) is granted. The court understands that the number of hours worked will be stipulated, and that the only remaining issues are whether the three-year statute applies and the appropriate attorneys' fees award. The matter is referred to Magistrate Judge Schenkier for settlement conference.